STEPHENS *v.* CHERRY HILL SPECIAL SCHOOL DISTRICT No. 10.

4-7231                                    177 S. W. 2d 722

Opinion delivered February 14, 1944.

*J. F. Quillin,* for appellant.

*Minor Pipkin,* for appellee.

GRIFFIN SMITH, C. J.   The appeal seeks reversal of a judgment that Cherry Hill Special School District No. 10 of Polk County is not liable to W. E. Stephens for $458.66 claimed to be due as a balance on a three-year contract of October 28, 1940, to transport pupils in his bus. The District cross complained, claiming overpayment of $33.74, but did not appeal from an adverse finding.

It is stipulated that the District, in making application for State aid from the equalizing fund, certified that for the last 120 days of the 1940-'41 school term the number transported averaged 240.6. This was the basis for State allowance covering 1941-'42. The allotment was $3,127.80, computed at $13 per pupil. Stephens actually transported an average of 86.5. During the 1940-'41 period appellant used two buses, but he operated but one during the first four months of the 1941-'42 period, when the average number of pupils served by him was 29.97 as distinguished from 86.5 for the preceding school year.

The record does not show why Stephens' services were discontinued, but in his brief it is stated that ". . . the District, on February 4, 1942, cancelled his contract and paid him the sum of $291. The State allowance for this four month period amounted to $749.66." [1]

Appellant's contract recites that compensation shall be "the sum of State allowance per school month."

The question is whether the District's promise was to pay Stephens *all* money it received from the State, or whether the per capita aid of $13 for pupils actually served was contemplated. If it be conceded that the agreement is clouded in ambiguity and that uncertain

[1] In appellee's answer and cross complaint the average number of pupils transported was said to have been 29.8, while in the stipulation the figures are 29.7.

terms should be resolved most strongly against the District,[2] we are confronted with the rule that where contracts are of a doubtful meaning, construction given by the parties will ordinarily be adopted by the courts. *Edgar Lumber Company* v. *Cornie Stave Company*, 95 Ark. 449, 130 S. W. 452; *Pictorial Paper Package Corporation* v. *Swamp & Dixie Laboratories, Inc.*, 197 Ark. 287, 122 S. W. 2d 529, 119 A. L. R. 1491.

Although there is no affirmative statement appellant was paid monthly, it is fairly inferable that he was, and that he accepted the amount tendered by the District based upon the service actually rendered. It is not contended by appellant that his agreement was exclusive. Indeed, the contract obligated him to furnish ''one bus'' during the three-year period, while in respect to the character of service to be rendered his obligation was ''. . . to conform to all statutory requirements and regulations pertaining to the operation of school buses. . . .'' Certainly it was not intended that appellant should transport 240 pupils in a single conveyance.

We think any doubt regarding terms of the contract was dispelled when appellant, for four months, accepted the District's construction of its meaning.

Affirmed.

---

[2] See West's Arkansas Digest, v. 5, "Contracts," § 155, and cases there cited.